UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 15-5433-JFW (PJWx)**                                    Date:  July 28, 2015

Title:       CP III Victor LLC -v- Laura Rebecca, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                         None Present
   Courtroom Deputy                    Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                  None

**PROCEEDINGS (IN CHAMBERS):**       ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

   On June 19, 2015, Plaintiff CP III Victor, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Laura Rebecca and Carolyn Alfieri (collectively, "Defendants") in Los Angeles Superior Court. On July 17, 2015, Defendant Laura Rebecca ("Rebecca") filed a Notice of Removal, alleging that this Court has jurisdiction .

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Rebecca bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Rebecca fails to meet her burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. While Rebecca alleges in her Notice of Removal that the claim is one over which this Court has original jurisdiction, "[a]n unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted). Accordingly, there is no federal question jurisdiction presented by Plaintiff's action. Nor does Rebecca allege the facts necessary to demonstrate that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). For example, she

fails to allege the citizenship of the parties.

In addition, Defendant alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1443(1), which provides:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending: (1) against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all person within the jurisdiction thereof.

However, to remove a case under Section 1443(1), a defendant must satisfy the two-prong test set forth by the Supreme Court in *George v. Rachel*, 384 U.S. 780, 794-804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824-28 (1966):

> First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

*California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) (internal citations omitted). Rebecca fails to satisfy either prong. Moreover, even if Rebecca could satisfy the first prong, the Notice of Removal fails to identify any formal expression of state law that prohibits Rebecca from enforcing her civil rights in Los Angeles Superior Court, and she has failed to present any evidence that suggests that the Los Angeles Superior Court would not enforce her civil rights in its proceedings. *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998 (9th Cir. 2006).

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.